Dear Chief Ortis,
Your opinion request has been forwarded to me for research and reply. You requested an opinion from the Attorney General's office regarding the following issues:
 (1) Whether the Mayor is required to sign police commission cards along with the elected Chief of Police.
 (2) Whether the police commission cards issued by the Chief of Police are considered to be a legal binding "contract" with the officers, or are the cards considered standard issued police equipment.
Along with your request, in a telephone conversation, you have described a commission card as an identification card that is issued to an individual beginning employment with your department as a police officer which identifies the individual in his official capacity as a police officer for the Village of Pine Prairie. You further indicated that the commission card is issued along with other standard police equipment, such as a badge, uniform, gun, baton, mace, etc. and is returned with the equipment upon extinguishment of the individual's employment with the police department.
In response to your first question, we conclude that the mayor is not required to sign police commission cards. The Village of Pine Prairie is a Lawrason Act municipality and is governed by the provisions of La.R.S. 33:321, et. seq. La.R.S. 33:362 states the legislative powers of a municipality shall be vested in the board of aldermen, and the *Page 2 
mayor shall be the chief executive officer of the municipality. Under La.R.S. 33:404, the duties of the mayor include the following:
 To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law. All administrative staff shall be subordinate to the mayor.
Pursuant to La.R.S. 33:423 the chief of police is charged with the enforcement of all ordinances within the municipality and all applicable state laws. La.R.S. 33:423 further provides that the elected chief of police "shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel."[1]
As per the provisions of the above statutes, an elected chief of police of a Lawrason Act municipality is authorized to recommend the appointment of personnel, but the actual appointment power is vested in the mayor and board of aldermen. As chief executive officer, the mayor issues the commission cards to police officers.[2] Although the mayor is statutorily obligated to issue the cards, there is no legal requirement that the mayor sign the commission cards. However, the mayor has the authority to sign the commission cards if he so chooses.[3] Thus, as a matter of law, while the chief of police has the statutory authority to make recommendations regarding police personnel and the mayor is required to issue the commission cards, the mayor is not required to sign the cards.
In response to your second question, part one, we are unable determine whether a commission card is a contract. Previously, our office has recognized that no statutory definition of the phrase "commission card" exists."[4] Without any legal definition, our office is unable determine whether a commission card could be considered a contract. However, it is important to note that in Attorney General Opinion 96-0199 our office concluded that commission cards issued to police officers are valid and legally recognized[5] as evidencing the person's status as a police officer. There, we stated that "[t]hese cards must be recognized as valid if they conform with all other requirements and/or regulations." As a result, while we are unable to conclude that a commission card constitutes a contract, it is the opinion of this office that such cards are valid and *Page 3 
legally recognized as evidencing that individual's status as a police officer, until revoked after termination of the officer's employment as outlined above.[6]
In answering part two of your second question, we are of the opinion that the term "police equipment"[7] includes a commission card that is issued to a police officer upon beginning employment with a police department and must be returned when employment is extinguished. Although there is no statutory definition of police equipment or law enforcement equipment, [8] items given by a police department to an officer for the purpose of performing his duties as an officer constitute police equipment and public property.[9]
Because public funds are used to purchase police equipment which includes commission cards, badges, uniforms, etc., and because such equipment are indicia of governmental authority, all equipment issued to an officer is the public property of the police department and must be returned when the employee ceases employment.[10] It is therefore our opinion that a commission card issued is considered standard police equipment and public property, and must be returned to the issuing police department upon extinguishment of employment.
I hope the foregoing has adequately answered your question. If we can be of further assistance, please do not hesitate to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ MERIDITH J. TRAHANT Assistant Attorney General
[1] La.R.S. 33:432(A) provides, in pertinent part: "In those municipalities governed by the provisions of this Part, La.R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to themayor and board of aldermen for appointment of policepersonnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, or creed." (Emphasis added)
[2] Atty. Gen. Ops. 02-0361, 96-0199, 93-446, 93-0049, 90-0316, 88-0534.
[3] Id.
[4] Atty. Gen. Op. 95-0143.
[5] Atty. Gen. Op. 96-0199.
[6] Atty. Gen. Op. 02-0361.
[7] Also known as "law enforcement agency equipment."
[8] Atty. Gen. Op. 91-0557.
[9] Atty. Gen. Ops. 00-0259A and 91-0557.
[10] Political subdivisions are allowed to purchase uniforms for their employees, provided that the uniform remains the public property of the town. Atty. Gen. Ops. 02-0476, 01-0164 and 87-710.